1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                      EASTERN DISTRICT OF CALIFORNIA

9

10   ELIZABETH COY, on behalf of        No.  2:21-cv-00067-JAM-CKD
     herself and Aggrieved
11   Employees,

12              Plaintiff,              **ORDER GRANTING MOTION TO REMAND**

13       v.

14   SOUTHERN HOME CARE SERVICES,
     INC., a Delaware corporation;
15   et al.,

16              Defendants.

17

18        Elizabeth Coy ("Plaintiff") moves to remand this wage and

19   hour action back to the Sacramento County Superior Court.  Mot.

20   to Remand ("Mot."), ECF No. 4.  Southern Home Care Services,

21   Inc., Res-care California, Inc., Res-care, Inc., and RSCR

22   California, Inc. ("Defendants") filed an opposition, Opp'n, ECF

23   No. 6, to which Plaintiff replied, Reply, ECF No. 8.  For the

24   reasons set forth below, the Court GRANTS Plaintiff's Motion to

25   Remand.[1]

26

27   _____
     [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for March 9, 2021.

                                   1

```
 1                           I.   BACKGROUND
 2        Defendants provide 24-hour residential and home-based care
 3   services to disabled and/or elderly individuals in California.
 4   Compl. ¶ 18, Ex. A to Montoya Decl., ECF No. 1-1.  Plaintiff
 5   worked for Defendants as an on-call scheduler and care provider
 6   from approximately August 2017 to March 16, 2020.  Id.  Plaintiff
 7   alleges she and other aggrieved employees were, among other
 8   things, not properly paid reimbursement expenses, minimum and
 9   overtime wages, and reporting time pay wages.  Id. ¶ 4.
10   Additionally, for the last portion of her employment with
11   Defendants, Plaintiff was a member of the Service Employees
12   International Union Local 2015 for Long-Term Caregivers in
13   California ("the Union") and thus covered by the Collective
14   Bargaining Agreement ("CBA") entered into between the Union and
15   Defendants.  Not. of Removal ¶ 8, ECF No. 1.
16        On November 25, 2020, Plaintiff filed this lawsuit in the
17   Sacramento County Superior Court.  See generally Compl.
18   Plaintiff brings nine individual state law claims against
19   Defendants for: (1) failure to pay overtime wages, (2) failure to
20   pay minimum wages, (3) failure to provide meal periods,
21   (4) failure to provide rest periods, (5) failure to provide
22   accurate itemized statements, (6) waiting time penalties,
23   (7) failure to provide reimbursement expenses, (8) failure to
24   keep accurate time records, and (9) violation of California
25   Business and Professions Code § 17200 et seq.  Id. ¶¶ 29-75.
26   Additionally, Plaintiff asserts a Private Attorney General Act
27   ("PAGA") claim for failure to pay minimum wages, failure to pay
28   overtime wages, failure to pay reporting time pay wages, failure
```

to pay reimbursements for expenses, failure to pay final wages, failure to maintain accurate records, failure to provide accurate wage statements, and violation of the provisions regulating hours and days of work.  Id. ¶¶ 76-80.

On January 13, 2021, Defendants filed a Notice of Removal, invoking this Court's federal question jurisdiction.  Not. of Removal ¶ 5 (citing to 28 U.S.C. § 1331).  Although Plaintiff has pled only state law claims, Defendants removed on the grounds that Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Id. ¶¶ 5-12. In response, Plaintiff filed this Motion to Remand.  See Mot. Plaintiff additionally requests attorney's fees and costs associated with this Motion.  Mot. at 13.

II.   OPINION

A.   Legal Standard

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state to federal court if there is subject matter jurisdiction over the case.  See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  Courts have federal question jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Courts strictly construe the removal statute against removal and federal jurisdiction must be rejected if there is any doubt as to the right of removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.")  The party seeking removal bears the burden of

3

1  establishing jurisdiction.  _Emrich v. Touche Ross & Co._, 846 F.2d
2  1190, 1195 (9th Cir. 1988).

3      B.  _Analysis_

4      Defendants removed this case on the grounds that Section 301
5  of the LMRA preempts Plaintiff's claims.  Not. of Removal at
6  ¶¶ 5, 10-12.  Specifically, Defendants contend that these claims
7  cannot be adjudicated without interpreting the CBA governing
8  Plaintiff's and other aggrieved employees' employment with
9  Defendants and therefore her claims are preempted.  Opp'n at 1.
10  Plaintiff does not dispute that there was a CBA in place for a
11  portion of her employment with Defendants, but argues the "mere
12  existence of, or consultation with" the CBA is insufficient to
13  establish preemption under Section 301 of the LMRA.  Mot. at 5.

14      As the parties acknowledge, the Ninth Circuit's _Burnside_
15  test governs their dispute.  _See_ _Burnside v. Kiewett Pac. Corp._,
16  491 F.3d 1053 (9th Cir. 2007).  In _Burnside_, the Ninth Circuit
17  set forth a two-part test for determining whether a cause of
18  action is preempted by Section 301 of the LMRA.  _Id._ at 1059-
19  1060.  First, courts must determine if the "asserted cause of
20  action involves a right conferred upon an employee by virtue of
21  state law," independent of a CBA.  _Id._  If the right exists
22  solely because of the CBA, then the claim is preempted, and the
23  analysis ends there.  _Id._  If, however, the right does not exist
24  solely because of the CBA, the court moves onto step two:
25  deciding whether the claim "substantially depends" on an
26  interpretation of a CBA.  _Id._  "If such dependence exists, then
27  the claim is preempted by Section 301; if not, then the claim can
28  proceed under state law."  _Id._

1    Here, the parties agree that Plaintiff's claims are not
2    preempted under part one of <u>Burnside</u>.  Mot. at 6-7; Opp'n at 4.
3    The parties do dispute, however, whether the claims are preempted
4    under part two of <u>Burnside</u>.

5    The analysis under the second part of <u>Burnside</u> – which as
6    stated above requires this Court to determine whether Plaintiff's
7    claims are substantially dependent on interpretation of the CBA –
8    turns on "whether the claim can be resolved by 'looking to'
9    versus interpreting the CBA." <u>Kobold v. Good Samaritan Reg'l</u>
10   <u>Med. Ctr.</u>, 832 F.3d 1024, 1033 (9th Cir. 2016) (internal
11   citations omitted).  "If the latter, the claim is preempted; if
12   the former, it is not." <u>Id.</u>  Additionally, "interpret" in this
13   context is "defined narrowly – it means something more than
14   'consider', 'refer to', or 'apply.'" <u>Id.</u>

15   Defendants argue that the CBA here must be interpreted, not
16   just consulted or referenced, to resolve Plaintiff's claims and
17   insist they have provided several examples demonstrating how and
18   why the CBA must be interpreted.  Opp'n at 4-5.  Further,
19   Defendants stress that not only do Plaintiff's individual claims
20   require interpretation of the CBA, but those asserted on behalf
21   of the alleged aggrieved employees "certainly do." Opp'n at 2.
22   According to Plaintiff, however, Defendants have not carried
23   their burden to show that interpretation of the CBA is required;
24   at most, she argues, Defendants have shown that the CBA
25   <u>hypothetically</u> may need to be consulted or referenced.  Mot. at
26   10-13; Reply at 1, 3-5.  The Court agrees and finds that
27   Defendants have not carried their burden to show interpretation
28   of the CBA is necessary as required under part two of <u>Burnside</u>.

5

1    The Supreme Court has instructed that "not every dispute

2    concerning employment, or tangentially involving a provision of a

3    collective-bargaining agreement, is preempted by § 301." Allis-

4    Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985).  Therefore,

5    "alleging a hypothetical connection between the claim and the

6    terms of the CBA is not enough" to trigger preemption.  Cramer v.

7    Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001); see

8    also Humble v. Boeing Co., 305 F.3d 1004, 1010 (9th Cir. 2002)

9    (explaining "a CBA provision does not trigger preemption when it

10   is only potentially relevant to the state law claims, without any

11   guarantee that interpretation or direct reliance on the CBA terms

12   will occur").

13   Here, Article 13 of the CBA sets forth wage rates and

14   premium pay applicable to Plaintiff and other alleged aggrieved

15   employees.  See generally CBA, Art. 13.  Defendants characterize

16   the CBA as establishing "a complex pay structure for caregivers

17   based on various differentials including shift/visit length, the

18   number of clients for whom care is provided during a shift, the

19   specific behavioral/personal needs of the client receiving

20   services, and/or the length/difficulty of traveling to the

21   client."  Opp'n at 3 (citing to Art. 13, §§ 3.1(c), 13.4-13.6).

22   The CBA, according to Defendants, addresses compensation payable

23   to Plaintiff and alleged aggrieved employees "under very context-

24   specific and non-formulaic circumstances," such that the CBA is

25   not "a straightforward or unambiguous chart with defined

26   variables the Court can simply reference to determine wages owed

27   to alleged aggrieved employees."  Id. at 3, 6.  As such,

28   Defendants argue, interpretation of the CBA is required to

6

1   determine which pay provisions apply to on-call

2   schedulers/caregivers, see Opp'n at 7-9, and to determine their

3   regular rate of pay, see Opp'n at 9-13.  In support of this

4   position, Defendants provide a handful of examples indicating how

5   and why interpretation of the CBA may be required.  Opp'n at 7-

6   13.  For instance, they posit the Court would need to interpret

7   the phrase "unable to work" in the context of the CBA's reporting

8   time laws.  Opp'n at 8.  They also highlight other "ambiguous"

9   phrases in the CBA - such as "certain assignments," "extreme

10  behavioral issues," or "extensive personal care needs" – that

11  they state the Court would need to interpret in order to decide

12  when premium payments and shift differentials apply.  Id. at 12.

13       Defendants' argument and proffered examples, however,  fail

14  to show these interpretation issues would necessarily arise.

15  Indeed, Plaintiff contends that these issues will not arise as

16  there is no actual dispute between her claims and the terms of

17  the CBA.  See Reply.  The Court finds Defendants have not carried

18  their burden to show otherwise.  Rather, in the language of

19  Humble, Defendants have shown only that the provisions set forth

20  in Article 13 of the CBA are "potentially relevant to the state

21  law claims, without any guarantee that interpretation or direct

22  reliance on the CBA terms will occur."  305 F.3d at 1010.  But,

23  "speculative reliance on the CBA will not suffice to preempt a

24  state law claim."  Id. at 1008.  Further, it bears repeating that

25  federal jurisdiction must be rejected if there is any doubt as to

26  the right of removal.  Moore-Thomas, 553 F.3d at 1244.  Here,

27  there is such doubt.

28       Finally, the parties vigorously dispute the applicability of

7

1   Wilson-Davis v. SSP Am. Inc., 434 F.Supp.3d 806 (C.D. Cal. 2020).

2   Mot. at 10-11; Opp'n at 10-12.   Wilson-Davis involved a

3   California state law wage and hour class action that, like the

4   present case, was removed to federal court on the grounds that

5   Section 301 of the LMRA preempted the plaintiff-employee's

6   claims.   434 F.Supp.3d at 810.   The Wilson-Davis plaintiff moved

7   to remand, arguing in relevant part that none of his state-law

8   claims required interpretation of the CBA and thus were not

9   preempted under the second part of Burnside.   Id. at 813-818.   In

10  granting the motion to remand, the Wilson-Davis court explained:

11  ""[i]t is not enough for Defendants to provide a laundry list of

12  provisions that they allege the Court must interpret to resolve

13  Plaintiff's claims; Defendants must explain why interpretation,

14  as opposed to mere reference to the CBA, is necessary."   Id. at

15  813.   That reasoning applies with equal force here: Defendants do

16  not meet their burden under the second part of Burnside by simply

17  providing a "laundry list of provisions" they allege this Court

18  must interpret.   Therefore, Defendants' attempts to distinguish

19  the present case from Wilson-Davis, see Opp'n at 10-12, are of no

20  avail.

21      Because Defendants have shown only a "hypothetical

22  connection" between the claims and the terms of the CBA, the

23  Court finds they have not made the requisite showing to trigger

24  preemption under the second part of Burnside.   Cramer, 255 F.3d

25  at 691.   Defendants' argument for removal jurisdiction based on

26  Section 301 of the LMRA preemption therefore fails and this case

27  must be remanded to the Sacramento County Superior Court.

28  ///

1        C.    <u>Plaintiff's Request for Fees and Costs</u>

2        Plaintiff additionally requests the Court order Defendants

3   to pay attorney's fees and costs incurred as result of the

4   removal.  Mot. at 13; Reply at 5.  She argues that the Court

5   should award fees and costs associated with this Motion because

6   "even a cursory review of the claims alleged, and the governing

7   CBA, would have revealed that Plaintiff's claims do not implicate

8   the CBA."  Mot. at 15.  The Court does not agree and finds that,

9   as demonstrated by the extensive caselaw cited to in their

10  opposition brief, Defendants had a good faith basis for removal.

11  Opp'n at 14.  Accordingly, Plaintiff's request for fees is

12  denied.

13                          III.   ORDER

14       For the reasons set forth above, the Court GRANTS

15  Plaintiff's Motion to Remand this case to the Sacramento County

16  Superior Court, but DENIES Plaintiff's request for fees and costs

17  associated with the Motion.

18       IT IS SO ORDERED.

19  Dated: April 23, 2021

20
                                    _____
21                                  JOHN A. MENDEZ,
                                    UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28

                                    9